FILED
BILLINGS DIV.
2011 DEC 12 AM 11 53
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 07-015-BLG-RFC |
| | CV 11-115-BLG-RFC |
| Plaintiff/Respondent, | |
| vs. | ORDER DENYING § 2255 MOTION |
| | AND DENYING CERTIFICATE |
| FRITZ ANDERSON, | OF APPEALABILITY |
| Defendant/Movant. | |

On October 4, 2011, Defendant/Movant Fritz Anderson ("Anderson"), a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Anderson also filed a brief in support.

## I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

## II. Background

On February 23, 2007, Anderson and co-defendant Nathaniel Davis, III, were

1

indicted one four counts of conspiracy to possess with intent to distribute ecstasy, marijuana, over 500 grams of cocaine, and over 500 grams of a substance containing methamphetamine, four counts of the corresponding substantive offenses, and one count of possessing a firearm in furtherance of a drug trafficking crime. Indictment (doc. 1) at 1-6. Liability on most counts was predicated on *Pinkerton v. United States*, 328 U.S. 640, 647 (1946) ("we fail to see why . . . acts in furtherance of the conspiracy are likewise not attributable to the others for the purpose of holding them responsible for the substantive offense."). Anderson retained attorney Brad Arndorfer to represent him. Mot. to Substitute (doc. 26).[1]

Counsel moved to suppress evidence obtained following three separate traffic stops effected against Anderson, but his motion was denied on January 17, 2008. Order (doc. 70).

On the same day, the grand jury handed down a Superseding Indictment. Anderson and Davis were charged along with three new co-defendants, Shantae Harris, Teal Rounds, and Kaydee Goff, with the same four conspiracies as in the first Indictment, additional substantive drug offenses, and one count of possessing a firearm in furtherance of a drug trafficking crime. Superseding Indictment (doc. 71)

---

[1] Anderson was indicted in another case, *United States v. Anderson*, No. CR 07-112-BLG-RFC, on August 16, 2007. The cases were consolidated for sentencing. Order (doc. 150).

at 3-14.

On March 21, 2008, the United States filed an Information under 21 U.S.C. § 851, charging Anderson with one prior felony drug conviction, viz., possession of marijuana for sale in California on April 8, 2003. Information (doc. 119). Following Anderson's submission of a document showing dismissal of that charge, the United States filed an Amended Information on May 28, 2008, alleging three prior drug felonies. Am. Information (doc. 202).

On May 28, 2008, Anderson filed a motion to enter a plea of guilty to Count 1 of the Superseding Indictment and preserve his right to appeal the rulings on his pretrial motions. The motion was denied based on *United States v. Kuchinski*, 469 F.3d 853, 858 (9th Cir. 2006). Mot. (doc. 200); Order (doc. 211).

Jury trial commenced on June 2, 2008. Anderson was found guilty on all counts. He moved for a judgment of acquittal and for a new trial but his motions were denied. Order (doc. 279).

On November 19, 2008, Anderson was sentenced to serve 420 months on all the drug counts, concurrent, and 60 months consecutive for possessing a firearm in furtherance of a drug trafficking crime, for a total term of 480 months in prison,to be followed by a 12-year term of supervised release. Minutes (doc. 318); Judgment (doc. 319) at 3-4.

Anderson appealed. On December 23, 2009, the court of appeals affirmed the denial of Anderson's motion for acquittal on the gun count and affirmed the sentence. *United States v. Anderson*, 359 Fed. Appx. 855, 856 (9th Cir. Dec. 21, 2009) (unpublished mem. disp.) (doc. 376). Anderson petitioned the United States Supreme Court for a writ of *certiorari*. His petition was denied on October 4, 2010. *Anderson v. United States*, __ U.S. __, 131 S. Ct. 223 (2011).

Anderson timely filed his § 2255 motion on October 4, 2011. 28 U.S.C. § 2255(f)(1); Fed. R. Civ. P. 6(a)(1)(A); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

### III. Anderson's Allegations

Anderson claims that trial counsel violated his Sixth Amendment right to the effective assistance of counsel by incorrectly advising him about his sentencing exposure if he were to plead guilty; ineffectively cross-examining witnesses Jennifer Robertson, Lane Demarais, and Trish Curfman; failing to argue that the prosecution did not introduce the "actual" drugs with which he was charged; and by the cumulative effect of several errors. He also alleges ineffective assistance of appellate counsel because counsel challenged the sufficiency of the evidence for the § 924(c) conviction but did not make an argument based on *Apprendi v. New Jersey*, 526 U.S. 438 (2000). Anderson alleges a due process violation because the prosecution

knowingly used perjured testimony from Robertson and read hearsay statements from the grand jury transcripts without a limiting instruction. Finally, Anderson claims the evidence was not sufficient to support his conviction and that the jury should have been given a transcript of the testimony they asked to review.

## IV. Analysis

Some of Anderson's claims could and should have been raised on direct appeal, but it is more efficient to consider the merits. *Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983).

### A. Ineffective Assistance of Trial Counsel

*Strickland v. Washington*, 466 U.S. 668 (1984), governs claims alleging ineffective assistance of counsel. First, Anderson must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. Second, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

#### 1. Consequences of Guilty Plea

5

Anderson contends that counsel "advised him prior to trial that he would receive a life sentence if he pled guilty and that he had no opportunity of making a beneficial plea deal." Mot. § 2255 (doc. 387) at 7.[2]

**a. Plea Bargain**

Unusually, in this case, the record shows that a plea acceptable to Anderson was not acceptable to the United States. On May 28, 2008, four days before trial, Anderson moved to set a hearing so that he could plead guilty to Count 1 of the Superseding Indictment. On the same day, the United States responded:

> There are four drugs involved in this indictment including methamphetamine, cocaine ecstasy, and marijuana (29 counts) plus one count charging a violation of 18 U.S.C. [§] 924(c) (Count 30). The United States can enter into conditional pleas. However, under the facts and evidence in this case, the United States will not agree to a conditional plea at this time as the defendant will only admit to 500 grams of methamphetamine. At trial, the United States will establish over 15 kilograms of methamphetamine alone, and this does not include pounds of cocaine and marijuana and thousands of ecstasy pills.

---

[2] The issue of whether relief is available under § 2255 to a defendant who stood trial instead of pleading guilty is currently before the United States Supreme Court. *See Lafler v. Cooper*, No. 10-209 (U.S. cert. granted Jan. 7, 2011), *Missouri v. Frye*, No. 10-444 (U.S. cert. granted Jan. 7, 2011). Both cases were argued on October 31, 2011. The analysis here assumes Anderson would be entitled to relief if he could show that counsel grossly misadvised him about the merits of a plea offer and his exposure at trial. *See* Order (doc. 184) at 6, *United States v. Jaeger*, No. CR 05-23-BU-DWM (D. Mont. filed June 17, 2010) ("Counsel's advice would have gravely misled a reasonable person in Jaeger's position about the nature of the charges he faced, about the strength of the evidence against him, and about the penalties he faced."), *cited in* Br. in Supp. at 7. Unlike John Jaeger, Anderson actually did face imprisonment for the rest of his life, and Anderson does not claim that counsel was completely wrong about the merits of a plea offer, as Jaeger's counsel plainly was.

Resp. to Mot. to Set Conditional Plea (doc. 205) at 2. Even if, for some unknown reason, Anderson had been permitted to plead guilty to Count 1, he still would have faced trial on Counts 2-30. *United States v. Kuchinski*, 469 F.3d 853, 858-59 (9th Cir. 2006). This claim is denied.

### b. Exposure at Sentencing

Anderson also claims that his "decision to go to trial was entirely based on counsel's advi[c]e based upon the incorrect calculations of exposure." Mot. § 2255 at 7. A lawyer is not required to state with certainty what a defendant's sentence will be if he is convicted at trial as opposed to pleading guilty. The Ninth Circuit holds that "*gross* mischaracterization of the likely outcome" at sentencing, "combined with . . . erroneous advice on the possible effects of going to trial," establishes deficient performance. *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986) (emphasis added) (quoting *Brady v. United States*, 397 U.S. 742, 748 & n.6 (1970)). Prejudice is established if there is a reasonable probability that, but for counsel's bad advice, the defendant would have pleaded guilty instead of going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Anderson does not claim counsel misadvised him about the possible effects of going to trial, but there is no need to clarify that point. The claim can be addressed on other grounds.

First, there is no reasonable probability that Anderson would have pled guilty. He offered his terms on the record. The United States rejected them on the record.

Second, counsel did not mischaracterize the likely outcome. The United States alleged three prior felony drug convictions. Anderson was entitled to be advised that he would receive a mandatory sentence of life in prison *if* (A) he were convicted on Count 1, 2, 14, or 16, *and* (B) the United States could prove he had at least two prior felony drug convictions. *See* 21 U.S.C. §§ 841(b)(1)(A), 851(a). Since that is what Anderson complains he was told, he received the advice he was entitled to. Anderson was not entitled to know whether the United States could prove two prior convictions until "after conviction but before pronouncement of sentence," 21 U.S.C. § 851(b), but it is worth noting that Anderson, when he was arrested, "admitted he had three previous drug felonies," Am. Information at 2. His litigating position before trial was that he had "*no* felony convictions of record." Resp. to Gov't § 851 Notice (doc. 212) at 1 (emphasis added); *see also* Final Pretrial Tr. (doc. 335) at 15:24-16:12. Despite Anderson's current claim that "[c]ounsel never challenged the validity of the prior criminal history allegations by motion nor informed petitioner prior to trial of his error in calculations," Mot. § 2255 at 7, counsel was fully alert to the issue.

Finally, had Anderson pled guilty, his total offense level would have been reduced from 44 to 41. U.S.S.G. § 3E1.1; Br. in Supp. at 7. His criminal history

8

category would have remained III. His advisory guideline range would have been reduced from life to thirty years to life. Counsel's advice about Anderson's sentencing exposure was not a "gross mischaracterization." This claim is denied.

### 2. Cross-Examination

#### a. Drug Amounts

If all the drugs attributed to Anderson as a result of the testimony of Robertson, Demarais, and Curfman are deleted from the Presentence Report, Anderson was still responsible for at least 35,699,650 kilograms (sic) of marijuana, which would still put him at a base offense level of 38 – the highest in U.S.S.G. § 2D1.1(c).[3] *See* Presentence Report ¶¶ 43, 44, 82, 92, 98. Anderson cannot show prejudice arising from his allegations against Demarais and Curfman or from his allegation against Robertson relating to her testimony about drug amounts. Those claims are denied.

#### b. Robertson's Testimony Before Grand Jury

Anderson asserts both ineffective assistance of trial counsel and prosecutorial misconduct by the United States in connection with Jennifer Robertson's testimony before the grand jury and at trial. Both claims are addressed here.

If the United States knowingly elicited false testimony from Robertson in the

---

[3] The highest base offense level is triggered at 30,000 KG or more of marijuana. U.S.S.G. § 2D1.1(c)(1). Anderson had no hope at all of a base offense level of 36 or lower.

grand jury proceedings, Anderson, despite his conviction at trial, may state a claim under the Due Process Clause based on a fundamental defect in the initiation of the prosecution. Dismissal of an indictment on the basis of prosecutorial misconduct is a "disfavored remedy. . . . especially . . . when sought *after* the conclusion of trial." *Territory of Guam v. Palomo*, 35 F.3d 368, 371 (9th Cir. 1994), *overruled on other grounds by United States v. Galindo-Gallegos*, 255 F.3d 1154 (9th Cir. 2001)) (emphasis in *Palomo*). At this point, of course, we are *way after* the conclusion of trial. But if the entire proceeding is marred at the outset by something as serious as prosecutorial subornation of perjury, *see Napue v. Illinois*, 360 U.S. 264, 269-70 (1959), mere passage of time does not cure the defect. On the other hand, "dismissal is appropriate only when 'the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair.'" *Palomo*, 35 F.3d at 371 (quoting *Territory of Guam v. Muna*, 999 F.2d 397, 399 (9th Cir. 1993)).

The trial record itself shows that Anderson's claim has no merit.[4] Robertson's grand jury testimony was read to her. She stated that some of it was correct and some was not. 4 Trial Tr. at 630:23-634:21, 640:15-641:22. On cross-examination,

---

[4] Anderson says "evidence discovered by petitioner since his conviction has confirmed that government agents coerced Ms. Robinson [sic] into her testimony at the indictment." Br. in Supp. at 11; *see also* Mot. § 2255 at 7, 8. But evidence "confirming" this "coercion" is consistent with the testimony Robertson gave at trial. It would not be new evidence that could materially change the jury's impression of her testimony, which was undeniably "wishy-washy." 4 Trial Tr. at 701:19.

Anderson's counsel clarified the discrepancy between her grand jury testimony and her trial testimony:

> Q. Ms. Robertson, I wanted you to get a chance to review the grand jury testimony you gave. You indicated today that you never saw Fritz with a gun; is that correct?
>
> A. Right.
>
> Q. And when you were asked, "Did Fritz ever have handguns?" "Yes, sir." "How often?" "Most every – all the time, on him." "Did he carry them?" "Yes, mostly when he left the house," were you assuming that?
>
> A. Right.
>
> Q. And when you were asked later, "Why did he carry it?" and, the answer, "For protection, mostly," did you assume that?
>
> A. I wouldn't know that.
>
> Q. So you assumed that Fritz Anderson carried guns, and that was your testimony; is that correct?
>
> A. Yes.
>
> Q. But you never saw a gun?
>
> A. Yes. . . .
>
> Q. You were asked about quantities of drugs before the grand jury. Before you met with the grand jury, did you meet with agents, police officers, FBI, DEA, whatever?
>
> . . .

A.  Yes, sir.

Q.  Did they go over things with you and try to get some kind of an idea of what quantities they were dealing with?

A.  Yes.

Q.  Did they go over with you and talk to you and come up with this figure of 200 ounces here, a hundred there, and whatever?

A.  (No response.)

Q.  Or did you come up with those figures?

A.  It was mostly like they wanted answers, so I was kind of like forced out of it.

Q.  Okay. And your testimony today is you're just not sure?

A.  I don't – (nodded head affirmatively). Yeah.

Q.  But your testimony is also that there was drugs there, right?

A.  Right.

4 Trial Tr. (doc. 339) at 644:2-19, 645:15-646:13. The jury heard and considered what Robertson said.

Nor does her trial testimony establish either that her grand jury testimony was false or that the prosecution knew it to be false. *Hein v. Sullivan*, 601 F.3d 897, 908 (9th Cir. 2010). Her testimony was equivocal, "wishy-washy," 4 Trial Tr. at 701:19, not false. Defense counsel pointed out on cross and in his objections to the

prosecution's direct examination, *see id.* at 633:18-20, 641:13-14, 701:14-15, that Robertson did not tell the grand jury she *saw* Anderson's guns. As to drug quantities, Robertson repeatedly stated that she was "not good at measurements" and was not sure what they were. *Id.* at 636:21, 637:12, 639:10-11, 639:23-25. That sort of equivocation is not remarkable.

Finally, reading a witness's grand jury testimony to the witness and then asking the witness questions about it is not admission of hearsay for the purpose of proving the truth of the grand jury testimony. The witness has an opportunity to adopt, reject, or explain the prior testimony to the jury at trial. Fed. R. Evid. 612, 613. The witness's testimony at trial is the witness's testimony at trial – not hearsay.

There was no prosecutorial misconduct, and counsel's performance was neither deficient nor prejudicial. In fact, counsel used Robertson's testimony to obtain dismissal of Count 30 to the extent it charged Anderson with using or carrying a firearm during and in relation to a drug trafficking crime. 4 Trial Tr. at 701:18-702:8. Anderson's conviction for possessing a firearm in furtherance of drug trafficking was based on his trading drugs for guns, *Anderson*, 359 Fed. Appx. at 856, and Robertson did not testify about that. This claim is denied.

### 3. "Actual" Drugs

The phrase "actual methamphetamine" in Counts 1-14, 16, and 19-21 does not

mean "dope on the table." It means methamphetamine as opposed to what is cut with it to dilute it.[5] U.S.S.G. § 2D1.1(c) n.*(B). Under 21 U.S.C. § 841(b)(1)(A)(viii), for instance, a ten-year mandatory minimum sentence is triggered if the defendant is responsible for either 50 grams of "actual" methamphetamine or 500 grams of a mixture or substance containing methamphetamine. *See also* U.S.S.G. § 2D1.1(c)(1) (equating "15 KG of Methamphetamine, or 1.5 KG or more of Methamphetamine (actual), or 1.5 KG or more of 'Ice'" to a base offense level of 38). This claim is denied.

### 4. Cumulative Errors

Anderson has not identified any error by trial counsel, so there could not be cumulative error.

### B. Ineffective Assistance of Appellate Counsel

Claims of ineffective assistance of appellate counsel are governed by the *Strickland* standards. *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

Anderson claims appellate counsel should have asserted an *Apprendi* violation in connection with Count 30, the § 924(c) count. He asserts that "[t]he drugs allegedly used to enhance the sentence, and the alleged reason why the gun was possessed in furtherance of a trafficking conspiracy, were not charged in the

---

[5] The difference may be more technical, but this description will do.

indictment," Mot. § 2255 at 8, and "there is no evidence that the jury ever found the existence of those drugs in petitioner's possession beyond a reasonable doubt," Br. in Supp. at 11.

This claim is incomprehensible. The jury convicted Anderson on Count 30 based on all the drugs it found in Counts 1-29. The Superseding Indictment alleged both that Anderson used or carried a firearm in relation to drug trafficking crimes and that he possessed a firearm in furtherance of a drug trafficking crime. Superseding Indictment (doc. 71) at 13. That is all § 924(c) or *Apprendi* demands in terms of a "reason" for the gun. This claim is denied.

### D. Prosecutorial Misconduct

#### 1. Perjured Testimony from Robertson

This claim is addressed in Part IV.A(2)(b) above.

#### 2. Hearsay from Grand Jury Transcripts

The only occasion on which grand jury testimony was mentioned was in Robertson's examination. This claim is therefore fully addressed in Part IV.A(2)(b) above.

### E. Due Process Errors by Court

#### 1. Sufficiency of the Evidence

Anderson claims "the government did not, and could not possibly have,

15

established guilt beyond a reasonable doubt a sophisticated drug trafficking organization by simply providing the testimony of alleged fellow criminals, without more evidence." Br. in Supp. at 13 (sic). Well, it did. The forty-odd witnesses and numerous exhibits introduced by the prosecution were more than sufficient to support Anderson's convictions. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) ("the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."). This claim is denied.

### 2. Jury's Request for Partial Transcript

The jury requested a witness list and the testimony of six witnesses. 5 Trial Tr. at 719:23-720:720:2. It was not an abuse of discretion to deny their request after consultation with counsel. *Id.* at 719:10-726:13; *United States v. Medina Casteneda*, 511 F.3d 1246, 1249 (9th Cir. 2008). This claim is denied.

### V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Most of Anderson's claims proceed from misunderstanding of the law or inaccurate recollection of the events in the case. Anderson was not entitled to plead guilty on his own terms, and counsel did not give him a "gross mischaracterization" of his likely sentence if he pled guilty or went to trial. Even excluding all the drugs attributed to him by the three witnesses whom he claims counsel ineffectively cross-examined as to drug quantity, he was still responsible for well over 35.6 *million* kilograms of marijuana, and he would still have had a base offense level of 38. Robertson's grand jury testimony was aired at trial. Although her trial testimony was more equivocal than her grand jury testimony, there is no reason to believe either that her grand jury testimony was false or that the prosecution knew it to be false, and there was no hearsay issue. "Actual" methamphetamine does not mean drugs on the table but uncut methamphetamine. Appellate counsel could not mount an *Apprendi* challenge against Count 30 when the Superseding Indictment alleged all the elements of a violation of 18 U.S.C. § 924(c) and the jury found Anderson guilty. The jury's request for a readback of six witnesses' testimony was appropriately rejected after

consultation with counsel. Finally, the forty or so witnesses who testified at trial, in addition to the numerous exhibits, supplied more than enough evidence to support Anderson's convictions beyond a reasonable doubt.

This case presents no open questions and no issues on which reasonable jurists could disagree. There is no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Anderson's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 387) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Anderson files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 11-115-BLG-RFC are terminated and shall close the civil file by entering judgment in favor of the United States and against Anderson.

DATED this 12th day of December, 2011.

Richard F. Cebull, Chief Judge
United States District Court