

FILED

AUG 19 2019

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 07-015-BLG-SPW |
| --- | --- |
| Plaintiff/Respondent, | CV 11-115-BLG-SPW |
| vs. | ORDER re: CERTIFICATE OF APPEALABILITY |
| FRITZ ANDERSON, | |
| Defendant/Movant. | |

This case came before the Court on Defendant/Movant Fritz Anderson's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. On October 4, 2018, the Court granted Anderson's claim that the prosecution withheld material impeachment information about several witnesses. Anderson's convictions on Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 17, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, and 30 were vacated. His claim was denied as to Counts 11, 16, and 24. On February 14, 2019, the Court denied Defendant/Movant Anderson's claim of ineffective assistance of counsel. On August 16, 2019, Anderson was resentenced on Counts 11, 16, and 24 and in a companion case, *United States v. Anderson*, No. CR 07-112-BLG-SPW.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255

1

Proceedings. "[A] district court's order on a § 2255 petition is not final until the court resentences the petitioner." *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000) (discussing *Andrews v. United States*, 373 U.S. 334, 339 (1963)).

A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "[A] claim can be debatable even though every jurist of reason might agree, after a COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

Anderson's claim of ineffective assistance of counsel does not warrant a COA. Anderson alleged that counsel did not adequately investigate his criminal history and so could not advise him whether he faced a mandatory minimum sentence of ten years, 20 years, or life. He also claimed he would have pled guilty had he known he was *not* facing a life sentence. It is reasonably probable that Anderson would have pled guilty had he been certain he did not face a statutory sentence of life in prison. But that does not mean counsel's advice was unreasonable. Counsel understood the Assistant United States Attorney

2

prosecuting the case fully intended to send Anderson away for life—by statute if possible, by guideline range if necessary. Counsel reasonably believed trial would display cooperating witnesses' lack of credibility and that Anderson had a realistic chance of acquittal on the gun charge. The prosecutor proved a far higher drug quantity than was needed to put Anderson in the highest available base offense level, and the guideline range found at sentencing after trial was the same as the guideline range that very likely would have applied if Anderson had pled guilty, and both counsel and Anderson knew a life sentence under the guidelines was possible whatever the mandatory minimum sentence might be.

Anderson's claim under *Giglio v. United States*, 405 U.S. 150 (1972), warrants a COA. As the Court granted the motion on 27 of 30 counts, Anderson certainly makes a substantial showing he was denied a constitutional right.

Accordingly, IT IS ORDERED that a certificate of appealability is GRANTED as to the *Giglio* claim and Counts 11, 16, and 24 and DENIED on all other issues.

DATED this 19th day of August, 2019.

Susan P. Watters
United States District Court